ORDERED.

Dated: April 14, 2021

*Karen S. Jennemann*
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Anthony Shank,  Case No. 6:20-bk-02712-KSJ
Gina Scianimanico,  Chapter 7

　　　　Debtors.

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m); (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE; AND (III) OTHER RELIEF**

**THIS MATTER** came before the Court for hearing (the "Sale Hearing") on April 14, 2021 at 11:00 a.m., upon the CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m); SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE; AND (III) OTHER RELIEF (Doc. No. 39) (the "Sale Motion"), by which Richard B. Webber II, Chapter 7 Trustee (the "Trustee") for the above referenced Debtors ("Debtors"), seeks authority to sell, free and clear of all liens, encumbrances, and interests, certain real property owned by Debtors, commonly known as 959 Quail St. SE, Palm Bay, FL 32909 (the "Property").

For the reasons set forth in the Sale Motion and on the record at the Sale Hearing, the Trustee has demonstrated that the sale of the Property on the terms contained in the Sale Motion is in the best interests of the Debtors' estate.  Accordingly, it is

**ORDERED**:

1. The relief requested in the Sale Motion is **GRANTED** and the sale of the Property by the Trustee pursuant to 363(b), (f) and (m) free and clear of all liens, claims, encumbrances, and interests, by Consented Public Sale, using the services of BK Global Real Estate Services ("BKRES") is hereby **APPROVED**, subject to the terms and conditions herein.

2. Notice of the Sale Motion was proper, and no objections to the Sale Motion were timely filed.  Thus, to the extent any creditor (other than the Secured Creditor) asserts an interest or secured claim against the Property, such creditor is deemed to have consented to entry of this Order, and such creditor's claim shall not be a secured claim.

3. <u>Bankruptcy Estate Fee</u>:  In order to provide for the payment of expenses in this Chapter 7 case, and to afford general unsecured creditors an opportunity to participate in any recovery from the sale of the Property, the Secured Creditor has agreed to pay the estate a fee (the "<u>Bankruptcy Estate Fee</u>") determined as follows:

    a) Upon closing of sale to a Third Party Buyer, Secured Creditor will pay the estate $6,575.00.  The Buyer will pay a Buyer's Premium of $2,500.00 to the Estate.

    b) Upon closing or transfer of the subject Property, the Trustee shall reimburse BKRES or the third party provider secured by BKRES, for any funds advanced by BKRES for the securing of insurance, if secured by BKRES, on the subject Property.

4. <u>Junior Lienholders</u>.  Any amount by which the net sale proceeds received from a Third Party Buyer exceed the Secured Creditor Indebtedness and the Bankruptcy Estate Fee shall be paid to such Alleged Secured Creditors and any other party asserting a lien, claim, encumbrance or interest in or to the Property, if and to the extent that such interest is substantiated by a current title report or other evidence reasonably determined by Trustee and the party has agreed to waive and release any unsecured claim against the estate that it would otherwise have as a result of the sale (collectively, the "<u>Junior Lienholders</u>").

5. <u>Surplus</u>. Any and all net sale proceeds received from a Third Party Buyer remaining after paying the Junior Lienholders will be retained by the Trustee for the benefit of the estate.

6. To the extent applicable in any sale, the Secured Creditor agrees to pay at closing (1) the Commission; (2) the Bankruptcy Estate Fee; (3) all outstanding real estate taxes, including any pro-rated amounts due for the current tax year; (4) any HOA fees required to be paid under applicable state and federal law, including any post-petition HOA fees required to be paid under applicable state and federal law; and (5) all other closing costs and expenses, excluding professional fees.  Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

7. Rule 6004(h) stay period of fourteen days is hereby waived.

Trustee, Richard B. Webber II, is directed to serve a copy of this Order on interpreted parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the Order.